UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VILLAGE CONCEPTS, INC.,<br><br>Debtor<br><br>DAVID FLEMMER, in his capacity as Trustee for the Bankruptcy Estate of Village Concepts, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>ZENAIDA O. NEWELL a.k.a. ZANDEE NEWELL, MARIANNE NEWELL, and BRIAN R. KATZ, in his capacity as Successor Trustee for the Harold O. Newell Revocable Trust,<br><br>Defendants. | No.: 2:14-cv-0021-KJM-DAD<br><br>ORDER |

This matter is before the court on the motion by defendants Brian R. Katz, Trustee for the Harold Newell Trust ("Newell Trust"),[1] Zandee Newell and Marianne Newell to Withdraw Reference from the United States Bankruptcy Court for the Eastern District of

---

[1] "The original settlor and trustee of the trust, Harold Newell, died in 2010 and Brian Katz became the successor trustee." (Defs.' Mot. Withdraw Reference at 2 n.2, ECF 1.)

/////

1

California.[2]  (Defs.' Mot. Withdraw Reference, ECF 1.)  Plaintiff David Flemmer ("Trustee"), in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Village Concepts, Inc. ("Debtor"), does not oppose the motion and reserves the right to file a motion to strike should defendants request a jury trial.  (Pl.'s Resp. Defs.' Mot. Withdraw Reference at 2, ECF 2.)  Also before the court is defendants' Request for Judicial Notice.  (Defs.' Request Judicial Notice, ECF 1.)[3]

The court decided the motion without a hearing.  As explained below, the court GRANTS defendants' motion.

I.      BRIEF INTRODUCTION AND PROCEDURAL BACKGROUND

The claims in this adversary proceeding arise out of two promissory notes.  (First Am. Compl. ("FAC"), ECF 1.)  Specifically, "in connection with certain financing transactions," the Debtor "executed two promissory notes in favor of the Newell Trust, which were guaranteed by the Weiners."  (ECF 1 at 2.)  On June 8, 2012, the Debtor filed a Chapter 11 petition, which was later converted to a Chapter 7 case.  (ECF 1 at 3.)  Plaintiff was appointed as the Trustee on May 15, 2013.  (*Id.*)  On July 10, 2013, plaintiff filed a first amended complaint alleging the Newell Trust made usurious loans in the form of promissory notes to the Debtor and seeking to recover payments made to the Newell Trust under an usurious interest payments theory.  (FAC at

---

[2] The case number for the adversary proceeding before the bankruptcy court is 13-02212. The court will refer to the documents filed in that matter as "Adversary Proceeding One Docket." The underlying bankruptcy case number is 12-30911.  The court will refer to the documents filed in that matter as "Bankruptcy Docket."

[3] The court takes judicial notice of the fact that the following documents were filed with the bankruptcy court in this adversary proceeding: (a) plaintiff's First Amended Complaint, (b) defendants' Answer, Counterclaim, and Third Party Complaint, (c) plaintiff's Answer to Counterclaim, and (d) Answer to the third party complaint by Mark and Nancy Weiners ("Weiners") and Susanville Village, LLC ("Susanville").  The court need not decide whether to take judicial notice of Exhibit Three (errata to correct caption) because the court need not rely on that document in reaching its decision.  By taking judicial notice, the court only takes notice of the fact that these documents were filed with the bankruptcy court.  The court, however, does not take judicial notice of the facts in those documents.  *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) ("A court may take judicial notice of court records in another case.").

2–4.) In addition, the complaint seeks to recover damages under a fraudulent transfer theory. (*Id.*)

On September 30, 2013, defendants filed an answer and a counterclaim against plaintiff for the amounts allegedly owed to defendants. (Ex. 2, ECF 1.) On the same day, defendants also filed a third party complaint against the Weiners as guarantors of the loans made to the Debtor and against Susanville for breach of an agreement. (*Id.*) On October 24, 2013, plaintiff filed an answer to defendants' counterclaim. (Ex. 4, ECF 1.) On November 14, 2013, the Weiners and Susanville filed an answer to the Third Party Complaint. (Ex. 5, ECF 1.)

II.     LEGAL STANDARD

District courts have original jurisdiction over all bankruptcy matters. 28 U.S.C. § 1334(b). In this district, the district court refers all such matters to a bankruptcy court under 28 U.S.C. § 157(b). *See* General Order 223. However, under §157(d), a district court has the power to withdraw a referred case from a bankruptcy court and return it to the district court. Withdrawal can be mandatory or permissive. *Id.* Withdrawal is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* Where withdrawal of reference is not mandatory, a "district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] . . . for cause shown." *Id.*

Here, because the parties do not argue withdrawal is mandatory, the court addresses permissive withdrawal only.

III.    DISCUSSION

In determining whether there is cause to permissively withdraw a case, courts consider the following factors: "(1) the efficient use of judicial resources, (2) delay and costs to the parties, (3) uniformity of bankruptcy administration, (4) the prevention of forum shopping, (5) and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101 (2d Cir. 1993)). Before

considering these factors, courts must first "evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d at 1101. In the most basic sense, "core proceedings are those that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594, 2604 (2011). Section 157(b)(2) lists non-exhaustive examples of such matters. *Id.* at 2603-04. Non-core proceedings, on the other hand, are those proceedings "that do not depend on bankruptcy laws for their existence and that could proceed in another court . . . ." *Sec. Farms*, 124 F.3d at 1008.

Under § 157(b)(3), "[t]he bankruptcy judge shall determine on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." *See In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1097 (9th Cir. 1997) ("The bankruptcy court makes the initial determination whether a case is a core proceeding or an otherwise related proceeding."). While a bankruptcy court may hear certain non-core issues, a district court reviews de novo a bankruptcy court's findings of fact and conclusions of law absent the parties' consent and only the district court may enter a final judgment as to non-core and even as to certain core matters. 28 U.S.C. § 157(c)(1); *Stern*, 131 S. Ct. at 2615.

Here, the bankruptcy judge determined "that this proceeding is a noncore proceeding." (Bankr. Doc. No. 52 at 2.) The bankruptcy judge also stated that "all parties have not consented to . . . [the bankruptcy court] conducting a jury trial." (*Id.*) Plaintiff does not oppose the motion nor does plaintiff challenge any of these determinations by the bankruptcy judge. (*See* ECF 2.) As explained below, these aspects of the case weigh in favor of withdrawal.

As to the first two *Orion* factors, judicial resources would be most efficiently used by withdrawing the reference, and unnecessary delay and costs to the parties would also be avoided by withdrawal. Because the bankruptcy court determined this proceeding to be non-core and because the parties have not consented to proceed before the bankruptcy court, the bankruptcy court does not have the authority to enter final judgment on the claims involved. 28 U.S.C. § 157 (c)(1)–(2). Rather, the bankruptcy judge will present recommended findings of

4

fact and conclusions of law to the district court, who will review the recommendations de novo. *Id.* § 157(c)(1). Finally, because the bankruptcy court's order setting discovery completion deadline remains in effect, there will be no need to engage in duplicative efforts.

As to the third factor, because the bankruptcy court has determined the adversary proceeding is non-core, the uniformity of bankruptcy administration would not be affected. *See Orion*, 4 F.3d at 1101 (noting the question of uniformity turns on the determination whether a proceeding is core or non-core). The fourth factor is neutral, as the court's decision on withdrawal will not facilitate forum shopping; only the district court has the ultimate power to enter a final judgment, whether initially or on de novo review.

In sum, because the bankruptcy court has properly determined the adversary proceeding to be non-core, the parties have not consented to the bankruptcy court's jurisdiction, and because the *Orion* factors weigh in favor of withdrawal, permissive withdrawal is appropriate. 124 F.3d at 1008.

IV.     CONCLUSION

For the foregoing reasons, the court orders defendants' unopposed motion to withdraw the reference to the bankruptcy court of the adversary proceeding (case number 13-02212) GRANTED. All further proceedings in this adversary action shall be held before this court. The bankruptcy court's order setting the discovery completion deadline of March 30, 2014, shall remain in effect. This case is set for a status conference on May 15, 2014, at 2:30 p.m.

IT IS SO ORDERED.

DATED: March 23, 2014.

_____
UNITED STATES DISTRICT JUDGE

5