UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re VILLAGE CONCEPTS, INC.,<br><br>        Debtor.<br>_____<br>DAVID FLEMMER, in his capacity as Trustee for the Bankruptcy Estate of Village Concepts, Inc.,<br><br>        Plaintiff,<br>  v.<br><br>ZENAIDA O. NEWELL a.k.a. ZANDEE NEWELL, MARIANNE NEWELL, and BRIAN R. KATZ, in his capacity as Successor Trustee for the Harold O. Newell Revocable Trust,<br><br>        Defendants.<br>_____<br>BRIAN R. KATZ, in his capacity as Successor Trustee for the Harold O. Newell Revocable Trust,<br><br>        Counter-Claimant,<br>  v.<br><br>DAVID FLEMMER, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Village Concepts, Inc.,<br><br>        Counter-Defendant. | No. 2:14-cv-00021-KJM-EFB<br><br>ORDER |

1

1  BRIAN R. KATZ, in his capacity as
2  Successor Trustee for the Harold O. Newell Revocable Trust,
3  
4                Third Party Plaintiff/ Cross-Claimant
5     v.
6  MARK WEINER, NANCY WEINER, SUSANVILLE VILLAGE LLC, a
7  California Limited Liability Company,
8                Third Party Defendants.

12         This matter is before the court on third-party plaintiff Brian Katz's motion to
13 dismiss his third-party complaint, without prejudice. Mot. 2, ECF No. 38. Mark Weiner, Nancy
14 Weiner, and Susanville Village, LLC (the Weiners), the third-party defendants in this case, agree
15 that if the court does not abstain, dismissal of Mr. Katz's third-party complaint is appropriate, but
16 with prejudice. Opp'n 3, ECF No. 40. Mr. Katz's motion was submitted without oral argument.
17 ECF No. 42. For reasons explained below, Mr. Katz's motion is GRANTED, and the third-party
18 complaint is DISMISSED WITHOUT PREJUDICE.

19 I.     BACKGROUND
20        A.     The Bankruptcy Petition and This Case
21         A more extensive discussion of the background of this case is found in this court's
22 order denying in part and granting in part Mr. Katz's motion for summary judgment against
23 plaintiff David Flemmer. *See* ECF No. 26. The court discusses the background here only as
24 relevant to Mr. Katz's motion to dismiss his third-party complaint without prejudice.
25         On June 8, 2012, Debtor Village Concepts, Inc. ("Debtor" or "VCI"), a seller of
26 manufactured homes, filed a Chapter 11 Bankruptcy petition, which was later converted into a

2

Chapter 7 case. ECF No. 5 at 2. Mr. Flemmer was appointed trustee for the estate on May 15, 2013. *Id.*

On July 10, 2013, Mr. Flemmer filed a first amended complaint, alleging three claims against Mr. Katz, the successor trustee for the Harold O. Newell Revocable Trust: (1) recovery of usurious interest payments under California Constitution Article XV, section 1; (2) avoidance and recovery of fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(A) and 550; and (3) fraudulent transfer as to present creditors under California Civil Code section 3439.05 and 11 U.S.C. §§ 544(b) and 550. *See* ECF No. 1 at 16. Mr. Katz filed a third party complaint against the Weiners, alleging the Weiners breached their contractual obligation to serve as personal guarantor for VCI's debts. *Id.* at 24–25.

On October 1, 2015, Mr. Flemmer and Mr. Katz stipulated to dismiss the claims in Mr. Flemmer's first amended complaint. ECF No. 32. The court approved this stipulation, and Mr. Katz was dismissed from suit in his capacity as defendant. ECF No. 37. In regard to his capacity as a third-party plaintiff, the court directed Mr. Katz to file a separate motion seeking to dismiss the breach-of-contract claim against the Weiners. *Id.* at 2. Mr. Katz filed the pending motion to dismiss its breach-of-contract claim without prejudice. Mot. at 2. The Weiners filed their opposition, Opp'n at 3, and Mr. Katz replied, Reply, ECF No. 41.

B.  State Court Action on Third-party Claim

There was a parallel state court action on Mr. Katz's breach-of-contract claim against the Weiners. *Brian Katz v. Mark Weiner et al.*, No. PC20120537 (Cal. Super. Ct. El Dorado filed Sept. 20, 2012), ECF No. 32-1. The state court lawsuit went to trial without a jury on June 9, 2015, and the court entered judgment on August 3, 2015 against the Weiners. *Id.* The Weiners appealed the case to the Third District Court of Appeal on October 16, 2015, but later abandoned the appeal on April 12, 2016. *See Katz v. Weiner*, No. C080533 (Cal. Ct. App. filed Oct. 16, 2015).[1] The state court judgment thus was rendered final as of April 15, 2016. *Id.*

---

[1] The court takes judicial notice of the Third Appellate District Docket for *Katz v. Weiner*, No. C080533.

## II. DISCUSSION

Mr. Katz argues re-litigation of his breach-of-contract claim is barred by the doctrine of claim preclusion, and seeks to dismiss his claim without prejudice. Mot. at 4. The Weiners argue the case should be dismissed with prejudice. Opp'n at 3. Alternately, they argue Mr. Katz's claims are not barred because there was not a final judgment on the merits in state court. Opp'n at 2. Mr. Katz replies that dismissal with prejudice would operate as a decision on the merits, a result barred by virtue of the state court's having fully litigated the matter. Reply, ECF No. 41 at 2.

The party seeking to apply claim preclusion bears the burden of establishing the following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties. *See Cell Therapeutics, Inc. v. Lash Grp.*, *Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009); *see also Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005). In California, a defendant's abandonment of an appeal constitutes a final judgment on the merits as resolved by the state court's decision. *See L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 750 F.2d 731, 745 (9th Cir. 1984).

Here, both parties agree Mr. Katz's third-party complaint filed in this court involved the same claims between the same parties involving the same legal and factual issues as the state court case. *See* Mot. at 4; Opp'n at 2. They disagree on whether the state court issued a final judgment on the merits.

Because the Weiners ultimately abandoned their appeal, the state trial court's judgment in favor of Mr. Katz became final. Accordingly, Mr. Katz is precluded from litigating his breach-of-contract claim against the Weiners, and the third-party complaint should be dismissed without prejudice as Mr. Katz argues correctly, to avoid a decision on the merits.

/////
/////
/////
/////
/////

4

III.     CONCLUSION

This court's dismissal of Mr. Katz's third-party complaint, following the court's approval of Mr. Flemmer's and Mr. Katz's stipulation to dismiss the claims between them, resolves all claims in this suit.  Because the entire case is resolved, the case is CLOSED.

IT IS SO ORDERED.

DATED: June 23, 2016.

_____
UNITED STATES DISTRICT JUDGE